**SO ORDERED.**

**DONE and SIGNED March 31, 2017.**



_____
**JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Simmion Bashon Demery | § | Case Number: 13-10783 |
| | § | |
| Debtors | § | Chapter 13 |

### ORDER DENYING FEE APPLICATION AS MOOT

This matter is before the Court on the Ex Parte Application for Administrative Expenses (ECF No. 40) filed by counsel for the debtor, David K. Welch. The Court held a hearing on this matter on March 22, 2017. After considering the pleadings, evidence, testimony, and arguments, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.2. To the extent any finding of fact is construed to be a conclusion of law, it is adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is adopted as such. The

1

Court reserves the right to make any additional findings and conclusions as may be necessary or as requested by any party. The Court also reserves the right to supplement the findings of fact and conclusions of law. For the following reasons, the application is denied as moot.

## PROCEDURAL BACKGROUND

The debtor, Simmion Bashon Demery, filed this Chapter 13 bankruptcy case on April 3, 2013. His Chapter 13 plan was confirmed on July 19, 2013 (ECF No. 20). The debtor eventually voluntarily dismissed this case on July 15, 2015 (ECF No. 38). On July 28, 2015, which was after dismissal, counsel for the debtor filed a fee application seeking $350.00 for a plan modification which was never approved prior to the dismissal of the case. This Court originally denied the application (ECF No. 41) and a subsequent motion to reconsider (ECF No. 44). The Court denied the motion to reconsider as moot because the Chapter 13 Trustee held no funds to pay the requested compensation. The applicant timely appealed the order denying compensation. On appeal, the United States District Court reversed and remanded the fee application for a determination on the merits.

## FINDINGS OF FACT

The debtor's case was filed on April 3, 2013, and was voluntarily dismissed on July 15, 2015. (ECF No. 38). While the case was pending (i.e., from the petition date to dismissal), the debtor paid $13,956.80 to the Chapter 13 Trustee. The payments were made exclusively through a wage order. After subtracting the trustee fees, the Chapter 13 Trustee made the following disbursements: $2,800.00 in attorney fees to debtor's counsel, $325.00 on an additional administrative claim for preparation of tax returns, and $9,822.40 on two secured claims including a vehicle.

At dismissal, the Chapter 13 Trustee still held undistributed funds totaling $1,219.25.[1] The Trustee held this same amount when the Court initially denied the instant application. These funds represented the debtor's post-petition wages paid by through a wage order by the debtor's employer, Schlumberger.[2] These funds were tendered directly by Schlumberger to the Chapter 13 Trustee. When the Court denied as moot the motion to reconsider (ECF No. 44), the Chapter 13 Trustee did have any funds on hand. The Chapter 13 Trustee had already disbursed funds to NCEP, LLC by AIS Data SVCS, LP[3] ("NCEP") in the amount of $1,219.25 on August 4, 2016, which was after the dismissal. This disbursement accounted for all funds held by the Chapter 13 Trustee as of August 4, 2016. However, NCEP refunded $350.00 to the Chapter 13 Trustee on February 24, 2016, and the Trustee still holds these funds on hand. These funds were presumably recovered to pay the requested attorney compensation, but they still constitute the debtor's post-petition wages.

The applicant has offered two options for being paid the requested compensation. One, the application could be approved and $350.00 could be paid by the Chapter 13 Trustee from funds on hand. Two, the applicant argues the debtor could pay the compensation directly if the Trustee is ordered to refund the funds on hand to the debtor. This Court specifically denies both requests.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This particular dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) because it affects the administration of this Chapter 13 estate, as well as claims against the estate. Finally, this dispute is core under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See*

---

[1] After subtracting the Chapter 13 Trustee fee.
[2] The Trustee payment records indicate the source of plan payments as Schlumber, which the Court assumes is actually Schlumberger as reflected in the debtor's schedules.
[3] NCEP, LLC by AIS Data SVCS, LP held two secured claims in the debtor's Chapter 13 case.

3

*Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

The instant application was originally denied based on this Court's plain reading interpretation of 11 USC § 349. Specifically, this Court believed the debtor's undistributed wages, held by the Chapter 13 Trustee, revested in the debtor when his case was dismissed post-confirmation. This would have required all funds held by the Chapter 13 Trustee to be refunded to the debtor. Therefore, the funds could not be paid to the applicant as compensation. On the day the debtor's case was dismissed, the Chapter 13 Trustee held $1,219.25 which consisted of the debtor's post-petition wages.[4] These funds should have been refunded to the debtor upon dismissal. If the funds had been properly refunded to the debtor, the Chapter 13 Trustee would have had no funds to disburse to the applicant.

11 USC § 349 provides the following:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.
(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
(1) reinstates—
(A) any proceeding or custodianship superseded under section 543 of this title;
(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
(C) any lien voided under section 506(d) of this title;
(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

---

[4] "Property of the estate" in a Chapter 13 case includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title." 11 U.S.C. § 1306(a)(2). Therefore, § 349(b)(3)'s mandate that dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case" applies to the debtor's post-petition wages.

4

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

Several courts have applied 11 U.S.C. § 349 to post-confirmation dismissal of Chapter 13 cases and undistributed funds. In *In re Edwards*, 538 B.R. 536 (Bankr. S.D. Ill. 2015), a bankruptcy court addressed the issue concerning what a Chapter 13 Trustee must do with undistributed funds in cases dismissed subsequent to the confirmation of a plan. The court analyzed 11 U.S.C. §§ 1326(a)(2) and 349(b), and held that funds held by the Chapter 13 Trustee after the dismissal of a confirmed case must be returned to the debtor. The court held that 11 U.S.C. §349(b)(3) states that, upon dismissal, property of the estate revests in the entity in which such property was vested immediately prior to the commencement of the case. In a post-confirmation Chapter 13 case, this requires funds on hand with the Trustee after dismissal (i.e., the debtor's post-petition wages) revest in the debtor. The *Edwards* court stated the following:

> Courts are split as to whether creditors or debtors are entitled to receive funds held by the trustee at the time of a confirmed Chapter 13 case's dismissal. In a minority of courts, such funds must be distributed to creditors pursuant to the plan. See *In re Darden*, 474 B.R. 1, 7-9 (Bankr. D. Mass. 2012); *In re Parrish*, 275 B.R. 424, 425 (Bankr. D. D.C. 2002). A majority of courts, however, hold that such funds must be returned to the debtor. See *Nash v. Kester* (*In re Nash*), 765 F.2d 1410, 1414 (9th Cir. 1985); *Williams v. Marshall* (*In re Marshall*), 526 B.R. 695, 697-98 (N.D. Ill. 2014); *In re Hamilton*, 493 B.R. 31, 39 (Bankr. M.D. Tenn. 2013); *In re Parker*, 400 B.R. 55, 62 (Bankr. E.D. Pa. 2009); *In re Slaughter*, 141 B.R. 661, 663 (Bankr. N.D. Ill. 1992). Judicial disagreement as to the resolution of this issue is based on the interplay of two Code provisions: § 1326(a)(2) and § 349(b). Whereas courts in the minority hold that under § 1326(a)(2) the trustee must make disbursements pursuant to the confirmed plan no matter if the case is dismissed, the majority position is undergirded by § 349(b)'s directive that dismissal revests the debtor's post-petition earnings in the debtor. *In re Edwards*, 538 B.R. 536, 539-40 (Bankr. S.D. Ill. 2015).

This Court adopts the *Edwards* holding. This Court properly concluded that the fee application filed after dismissal in this case should be denied given 11 U.S.C. § 349.

5

The fact that funds were recovered and paid to the Chapter 13 Trustee does not change the Court's analysis. Any funds held by the Chapter 13 Trustee after dismissal should be refunded to the debtor pursuant to 11 U.S.C. § 349. If funds are recovered by the Chapter 13 Trustee post-dismissal in a Chapter 13 case that has previously been confirmed, those funds should always be refunded to the debtor.

The Court notes that the order dismissing the debtor's case contains no provision for the payment of additional attorney fees. Section § 349(b)(3) of the Bankruptcy Code provides "[u]nless the court, for *cause*, orders otherwise, a dismissal of a case other than under section 742 of this title— revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Cause is not defined in the Bankruptcy Code. The applicant argues that the work he performed in this case is "cause" and that he should accordingly be awarded the requested compensation. This Court disagrees.

The "cause" exception in § 349(b)(3) states that, upon dismissal, property of the estate is revested in the entity in which the property was vested pre-petition "[u]nless the court, for cause, orders otherwise." In his brief, the applicant does not cite any cases with regard to this provision. The cases this Court has found dealing with the "for cause" exception generally involve some kind of inequity or bad faith, which does not exist in this case. *See, e.g., Viegelahn v. Lopez*, 2017 U.S. Dist. LEXIS 32841 (W.D. Tex. 2017) (debtors concealed sale of home for three years, so the proceeds lost exempt status and the court found cause to distribute to creditors upon dismissal); *In re Hamilton*, 493 B.R. 31 (Bankr. M.D. Tenn. 2013) (Creditors may have equitable argument for share of "undistributed pie"); *In re Hufford*, 460 B.R. 172, 178 (Bankr. N.D. Ohio) ("Having, thus, received the benefits of the Bankruptcy Code for an extended period of time, it can be expected that payments made by the Debtors while their bankruptcy case was pending should be allocated

to their creditors in accordance with the intention of their Chapter 13 plan."). This Court does not find any cause to order anything other than the refund to the debtor of all funds held now or in the future by the Chapter 13 Trustee.

Even if this Court found cause to not return the funds to the debtor, distribution of the funds held by the Trustee would be a difficult issue. There are unpaid secured and priority claims in this case. The funds held by the Chapter 13 Trustee at dismissal are not necessarily available just to pay a prospective attorney fee award. There are other large unpaid claims in this case. The unpaid balance of claims in this case include two secured debts held by NCEP totaling $12,733.82, and three unpaid priority tax claims totaling $6,704.00. The applicant suggests that notice could be given to all creditors and that creditors could file competing claims against the funds held by the Trustee. This Court rejects that suggestion as economically infeasible. Even assuming that creditors would seek to claim a portion of the $1,219.25, which the Trustee held at the date of the voluntary dismissal, this Court doubts they would do so given the high cost of litigation.

One bankruptcy court stated the following:

> [T]he issue [is] controlled by § 349(b) of the Code, which serves to undo the bankruptcy as much as possible and place the parties in the position they occupied prior to the filing of the petition. . . . Since a chapter 13 case may be dismissed prior to the determination of all the objections to claims, it may also be difficult or impossible for the trustee to determine how to distribute any funds remaining, especially since the dismissal of the case effectively vacates the chapter 13 plan. *In re Murphy*, 2014 WL 2600168, at *2 (Bankr. M.D. Ala. 2014).

This Court declines to accept the applicant's proposal as rational or economical. Also, the Court notes that there is nothing in the Bankruptcy Code requiring attorney fees be paid before other creditors. 11 U.S.C. § 1326(b) provides for payment of § 507(a)(2) priority claims, including the debtor's attorney's fee claims "***before or at the time of payments to creditors.***" Accordingly, the applicant does not have any more right to these funds than any of the other creditors.

7

The Court's holding in this case is consistent with the Supreme Court's holding in *Harris v. Viegelahn*, 135 S.Ct. 1829 (2015). In *Harris*, the Supreme Court stated the following:

> [n]or can we credit the suggestion that a confirmed Chapter 13 plan gives creditors a vested right to funds held by a trustee. [N]o provision in the Bankruptcy Code classifies any property, including post-petition wages, as belonging to creditors." *Id* at 1839.

The Supreme Court's holding, which was not limited to a converted case, appears to apply both in the context of a *Harris* conversion to Chapter 7, as well as to cases dismissed post-confirmation.

Alternatively, the applicant seeks to have the Court rule on the fee application and then collect the awarded fee from the debtor directly, instead of through the Chapter 13 Trustee. This Court disagrees that this is sound public policy or even permitted by the Bankruptcy Code. A dismissed Chapter 13 case should not give rise to any claims against the debtor by an attorney for unpaid attorney fees.

Courts have held that dismissal of a Chapter 13 case vacates the confirmation order. *See, e.g., Nash v. Kester (In re Nash)*, 765 F.2d 1410 (9th Cir. 1985); *Elliott v. ITT Corp.*, 150 B.R. 36, 40 (N.D. Ill. 1992). Attorney fees in this district and division are awarded at plan confirmation, at plan modification, or by a separate fee order. However, all approved fees are provided for and paid as part of the debtor's Chapter 13 plan exclusively by the Chapter 13 Trustee. If dismissal vacates the confirmation order, it likewise vacates a plan modification order and any attorney fees contained therein. This holding is consistent with the revesting requirement contained in 11 U.S.C. § 349(b)(3). Although courts may quibble over whether dismissal vacates an order confirming a Chapter 13 plan, almost all courts would hold that a Chapter 13 plan is no longer enforceable after a case is dismissed. A dismissal undoes the bankruptcy case as far as is practicable, and restores the debtor's property rights to the position that they were in at the time the case was filed. The dismissal of a Chapter 13 case requires disregarding the associated plan. *See Nash*, 765 F.2d at

8

1413; *In re Sanitate*, 2009 WL 883674, *6 (E.D. Pa.). This includes the payment of attorney fee awards.

11 U.S.C. § 349(b)(3) is unambiguous. At dismissal, all of the debtor's post-petition earnings revest in the debtor unless the court orders otherwise for cause. This applies to all undistributed funds the Chapter 13 trustee has on hand. The funds must be returned to the debtor, who is the party in whom they were vested at the commencement of the case. Neither 11 U.S.C. § 1326 nor 11 U.S.C. § 349(b)(3) provides for payment of a claim, including attorney fee claims, when a case is dismissed post-confirmation. Cause to preclude funds revesting in a debtor has been found where the Court concludes that the debtor acted in "bad faith" or where there were "inequitable" circumstances. The applicant's suggestion that the debtor is able, or can be forced, to pay the unpaid fees after the Trustee returns the undistributed funds to the debtor is also inconsistent with the Bankruptcy Code and must be disallowed. The Court notes there has been no showing, or even allegation, of bad faith in this case.

The Supreme Court's rationale in *Harris* is equally appropriate in this holding. In determining that the debtor may receive a "windfall" in reclaiming accumulated wages, the Supreme Court held "a debtor who converts to Chapter 7 may be entitled to a sizable refund. These outcomes, however, follow directly from Congress' decisions to shield postpetition wages from creditors in a converted Chapter 7 case." *Harris v. Viegelahn*, 135 S.Ct. at 1839. It seems Congress made the same decision when it provided in 11 U.S.C. §349(b)(3) that, once a case is dismissed, property of the estate revests in the entity in which such property was vested immediately prior to the commencement of the case. Comparing 11 U.S.C. §348(f)(1)(A) and 11 U.S.C. §349(b)(3), it is clear the result should be the same. That is, the Trustee should refund to the debtor any undistributed funds.

9

This Court will not allow a debtor's attorney fee award in a Chapter 13 case to survive dismissal. Attorneys cannot collect such fees directly from a debtor. Debtors should be able to dismiss a case without concern the lawyer will attempt to collect a fee awarded previously in the bankruptcy case. Importantly, strong public policy dictates such a result. The dismissal of a Chapter 13 case should undo the bankruptcy as much as possible and place the parties in the position they occupied prior to the filing of the petition. A dismissal should not lead to additional obligations for the debtor. Simply stated, a Chapter 13 debtor's unpaid attorney fees in a dismissed Chapter 13 case cannot be collected, whether such collection is voluntary or not. It is clear that a debtor's attorney is not entitled to collect fees without court approval in a dismissed case where there is a contractual arrangement between the debtor and the debtor's attorney. The revestment of estate property with a debtor upon dismissal of a bankruptcy case "does not render any private contract for attorney fees incurred during the case enforceable without judicial review under § 330." I*n re Rogers*, 519 B.R. 267, 272-74 (Bankr. E.D. Ark. 2014). A fee that is not enforceable under the Bankruptcy Code is not transformed, by virtue of a private agreement, into an enforceable one after a case is dismissed, even if such an agreement would be otherwise enforceable under state law. The *Rogers* court stated that "[t]he oversight of the bankruptcy court must not end upon the mere dismissal of a case, lest overreaching counsel could frustrate the requisite court review by the simple medium of encouraging the debtor to seek dismissal." *Id.* at 274, *quoting In re Garris*, 496 B.R. 343, 353-54 (Bankr. S.D.N.Y. 2013).

Therefore, this Court will not allow the applicant to collect funds from the debtor post-dismissal. As of the date of the Court's order mooting the applicant's motion to reconsider, the Trustee had distributed all of the funds it held as of the date of dismissal. If that refund had been made to the debtor, it would have been consistent with this Court's interpretation of 11 U.S.C. §

349. Accordingly, given the lack of funds held by the Trustee, the motion to reconsider was ruled as moot.

The applicant also argues that a holding disallowing the payment of attorney fees such as in this case will have a chilling effect on the bankruptcy bar, of which his law firm is a major participant. This argument is not compelling and, since he served as a fact witness under oath, the Court finds the applicant's testimony inaccurate. This Court is the sole determiner of the truth and veracity of witnesses, and it does not find the applicant's argument or testimony factually sound.

Annual audits of all Chapter 13 trustees are available for public examination at https://www.justice.gov/ust/private-trustee-data-statistics/chapter-13-trustee-data-and-statistics. These audits reveal that, during the 2016 fiscal year,[5] the Chapter 13 Trustee in the Shreveport Division of the Western District of Louisiana paid a total of $4,524,939.53 in attorney fees to all Chapter 13 debtors' attorneys. The records also indicate the applicant's law firm was paid 46% of this total amount. The applicant's firm was paid a total of $2,079,514.99 by the Chapter 13 Trustee during fiscal year 2016.

The Court notes that the vast majority of cases that are dismissed post-confirmation are dismissed for non-payment. In these cases, the Chapter 13 Trustee is not holding funds to distribute to any creditors, including administrative claims such as attorney compensation. In these cases, attorneys are already not being paid on their administrative claims. The applicant testified that his law firm does not seek repayment of any unpaid Chapter 13 attorney fees directly from the debtor in dismissed cases. However, he appears to argue that this case would be an exception. The effect of this opinion is unlikely to have a substantial impact on the law firm's gross receipts or profits in Chapter 13 cases. The Court does not find that the non-payment of the $350.00 in

---

[5] The Chapter 13 2016 fiscal year ran from October 1, 2015, to September 30, 2016.

attorney fees in this case and the few other Chapter 13 cases that are similarly situated will have any discouraging or deterring effect on the applicant or his law firm. The Court notes that the attorney fee sought by the applicant would only represent .00017% of the total fees paid to the applicant's law firm during the Chapter 13 Trustee's fiscal year. Additionally, the Court finds that the non-payment of these attorney fees among all cases that are similarly situated (i.e. cases dismissed post-confirmation), given that most post-confirmation dismissals are for non-payment by the debtor and there are no funds to pay attorney's fees, would likewise have a miniscule effect on the attorney fee receipts or profits of this law firm. The Court finds the non-payment of these fees not to have a chilling effect on the applicant or the bankruptcy bar in general.

## CONCLUSION

Any funds held by the Chapter 13 Trustee in a post-confirmation dismissal must be returned to the debtor. These funds also cannot be paid to creditors or to attorneys. Further, unpaid attorney fees cannot be collected directly from debtors after the dismissal of a case. Accordingly, the Court finds the Ex Parte Application for Administrative Expenses (ECF No. 40) is moot. A matter is moot if further legal proceedings with regard to it can have no effect. The Court holds the applicant cannot be paid the fee he is requesting.

**ACCORDINGLY, IT IS ORDERED** that Ex Parte Application for Administrative Expenses (ECF No. 40) is denied as moot.

###